**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| KING SOLOMON SEALS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     Case No. 4:25-cv-01628-MAL |
| | ) |
| ALL AND EVERYBODY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

King Solomon Seals, a self-represented litigant, brings this action under 42 U.S.C. § 1983 against "all and everybody." Doc. 1 at 1. Seals moves for leave to proceed *in forma pauperis*. Doc. 2. The Court finds that Seals is unable to pay the costs associated with this action and therefore grants the motion. Even so, for the reasons set forth below, the Court dismisses the complaint under 28 U.S.C. § 1915(e)(2)(B).

## I.    Background

Seals names "all and everybody" as defendants, alleging that unknown individuals are "falsely representing themselves and my occupations" and violating his "Islamian" laws. Doc. 1 at 1, 4–5. He asks the Court to use a computer to "scan" for the violators and sentence them to 50 years in prison. *Id*. at 1. For relief, he seeks "$7000 7000 7000 zillion dollars" and "all wealth, gold, silver and commerce." *Id*. at 5.

## II.    Legal Standard

Under 28 U.S.C. § 1915(e)(2), the Court must dismiss a complaint filed *in forma pauperis* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

"[A] complaint . . . is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The term frivolous "embraces

not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* Accordingly, the Court may dismiss "those claims whose factual contentions are clearly baseless," *id.* at 327, including "allegations that are fanciful, fantastic, and delusional." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (cleaned up). When dealing with factual frivolity, courts have "the unusual power to pierce the veil of the complaint's factual allegations[.]" *Neitzke*, 490 U.S. at 327.

An action is malicious when it is intended to harass or is part of a longstanding pattern of abusive and repetitious lawsuits. *See In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996) (discussing that when determining whether an action is malicious, the Court may consider the plaintiff's other litigious conduct).

### III.    Application of Law to Fact

Seals pleads facts that defy reality. He sues "all and everybody" for "falsely representing themselves and my occupations" and violating his "Islamian" laws. Doc. 1 at 1, 4–5. He asks the Court to use a computer to "scan" for the violators and sentence them to 50 years in prison. *Id.* at 1. For relief, he demands "$7000 7000 7000 zillion dollars" and "all wealth, gold, silver and commerce," claiming the "world's debt [to him] is incalculably great." *Id.* at 5. These allegations "rise to the level of the irrational or the wholly incredible." *Denton*, 504 U.S. at 33. The Court therefore dismisses Seals's claims as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

Additionally, Seals's litigation history reflects a pattern of repetitive and abusive filings. *See Seals-Supalus v. All & Every Prob. & Parole Bd. Staff*, No. 4:25-cv-00421-NCC, Doc. 7, at 2–3 & n.1 (E.D. Mo. Aug. 18, 2025) (dismissing action under § 1915(e)(2) and noting plaintiff's pattern of repetitive and abusive filings). The present action is a continuation of that malicious pattern. *See In re Tyler*, 839 F.2d at 1293. Therefore, the Court also dismisses this action as malicious. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

### CONCLUSION

Accordingly, the Court **GRANTS** Seals's motion for leave to proceed *in forma pauperis*, Doc. 2, and waives the filing fee. The Court **DISMISSES** this action without prejudice under 28 U.S.C. § 1915(e)(2)(B). A separate Order of Dismissal accompanies this Memorandum and Order.

Dated this 7th day of July, 2026.

_____
MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE

3